**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **J.I.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BARROW COUNTY BOARD OF** | ) | |
| **EDUCATION; BARROW** | ) | **Case No.**  2:20-cv-00087-RWS |
| **COUNTY SCHOOL SYSTEM,** | ) | |
| **Dr. Chris MCMICHAEL in his** | ) | |
| **official capacity; Jennifer** | ) | |
| **MARTIN, and Angela BOYD, in** | ) | |
| **their official and individual** | ) | |
| **capacities; and Keith B. CROWE** | ) | |
| **and Tonya R. CROWE in their** | ) | |
| **individual capacity and as** | ) | |
| **guardian of C.C.** | | |
| | | |
| **Defendants.** | | |

## COMPLAINT FOR DAMAGES

Plaintiff, J.I., by and through undersigned counsel, Daniel R. Meachum,

sues Defendants Barrow County Board of Education ("the Board"),  Barrow

County School System ("the School System"), Superintendent Dr. Chris

McMichael, Principal Jennifer Martin, Assistant Principal Angela Boyd, and

Keith B. Crowe and Tonya R. Crowe, and state as follows:

## INTRODUCTION

1.    On October 7, 2016, when J.I. was in her third year at Apalachee High School ("AHS"), she was sexually by another student, C.C., who reportedly has a history of sexually inappropriate behavior. The senior administrators not only failed to adequately investigate the assault, but also denied her accommodations necessary for her to learn in a safe and respectful educational environment.

2.    As a direct result of the Defendants actions, J.I. has suffered severe emotional distress, missed school and suffered mental incapacity from being a victim of a sexual assault.

3.    Upon information and belief, the teachers and administrators at AHS knew C.C. had previously propositioned other female students at school for sex. Defendants Martin and Boyd were or should have been on a heightened duty to protect other students from sexual harassment by him. They negligently, recklessly and/or wantonly breached this duty by, inter alia, failing to supervise properly the student who assaulted J.I. and the students around him.

4.    Defendants received a report of an assault that created a sexually hostile environment for J.I., the person who made the report, by delaying in the suspension and expelling of C.C. and failing to provide adequate supervision of C.C. and protect to J.I. and the remaining AHS student body. The Board and its employees

subjected J.I. to sexual harassment and deprived her of equal access to educational

opportunities in violation of Title IX of the Education Amendments of 1972, 20

U.S.C. §§ 1681 et seq. The Board and its employees also violated J.I.'s rights

under the Equal Protection Clause of the Fourteenth Amendment to the U.S.

Constitution, as well as tort law.

**PARTIES**

5.      J.I. is a resident of Fayette County, Georgia, who was enrolled as a

minor in AHS at the beginning of the 2016-17 school year.

6.      Dr. Chris McMichael is the Superintendent of Barrow County Public

Schools ("School District"). He has served as Superintendent and a final

policymaker since April of 2009. A final policymaker is an individual who is

empowered with final authority over certain policies within the School District.

Pursuant to the Board's policy, the Superintendent makes final decisions regarding

several matters, including expulsions for violations of the student code of conduct.

He is sued in his official capacity. Dr. McMichael is subject to the venue and

jurisdiction of this Court and may be served at Barrow County School System, 179

West Athens Street, Winder, Georgia 30680.

7.      Jennifer Martin was principal of Apalachee High School during the

2016-17 school year. Martin was a final policymaker empowered to make, review,

and approve various final decisions about AHS's functions. Board policy grants unreviewable discretion to the principal in resolving harassment complaints. She is sued in his individual and official capacity. Martin is subject to the venue and jurisdiction of this Court and may be served at Apalachee High School, 940 Haymon Morris Rd, Winder, GA 30680.

8.      Angela Boyd is the assistant principal at Apalachee High School during the 2016-2017 school year. Boyd was empowered to investigate allegations of sexual assault and take corrective action against student harassers. She is sued in her individual and official capacity. Boyd is subject to the venue and jurisdiction of this Court and may be served at 2661 Wynter Snow Run, Bethlehem, Georgia 30620-4696.

9.      Keith B. Crowe and Tonya R. Crowe are residents of Barrow County Wynter Snow Run, Bethlehem, GA and the parents of assailant C.C. Both Mr. & Mrs. Crowe are subject to the venue and jurisdiction of this Court and may be served at 1406 Perkins Road, Winder, Georgia 30680.

10.     Barrow County Board of Education is a government entity engaged in providing education to the children in Barrow County, Georgia. In so doing it receives funding from both the State of Georgia and the United States government. Barrow County Board of Education is subject to the venue and jurisdiction of this

Court and may be served through Angela Davis, at Jarrard & Davis, at 105 Pilgrim Village Drive, Suite 200, Cumming, Georgia 30040.

## CONDITIONS PRECEDENT

**11.** Prior to the filing of the instant Complaint, Plaintiff filed a Notice of Claim pursuant to § 36-11-1 of the GA. CODE (2010). (***See* Ante Litem Notice attached and marked Exhibit "A".)**

12. Pursuant to § 9-3-90 of the GA. CODE (2010), the statute of limitations in this matter has been tolled due to J.I. being a minor at the time of the assault and due to mental incapacity at the time of the sexual assault which created a continual exacerbation of J.I.'s mental incapacity prohibiting J.I. from managing the ordinary affairs of her life, as a result of the sexual assault. (***See* Dr. Lawanda Harmon's Affidavit attached and marked Exhibit "B".)**

## JURISDICTION AND VENUE

13. This action is filed pursuant to 42 U.S.C. §§ 1983 and 20 U.S.C. §§ 1681 seeking redress of injuries suffered by Plaintiff J.I. from deprivation under color of state law, of rights secured by the Fourteenth Amendment to the United States Constitution and Title IX of the Education Amendments of 1972. This action also claims violations of Georgia State law. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

14. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Georgia state law claims since these claims are so related to the claims in the § 1983 civil rights action that they form part of the same case and controversy.

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and other applicable law because the cause of action arose in Barrow County, Georgia, which is situated within the district and divisional boundaries of the Northern District of Georgia, Newnan Division.

16. All conditions precedent to the filing of the instant Complaint have been satisfied.

### FACTS

17. Paragraphs 1 through 15 are incorporated herein as if set out in full.

18. Plaintiff J.I. was a student at AHS in Barrow County, Georgia. Pursuant to the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. §§ 1400 et seq., J.I. was eligible for special education services and had an Individualized Educational Program (IEP).

19. AHS is governed by the Barrow County Board of Education and Barrow County School System through its principal and receives federal funds for the education and welfare of its students.

20.     Defendant Jennifer Martin was the Principal at AHS during the 2016-17 school year and was the highest-ranking school official present at AHS. She had the first line of responsibility for ensuring that AHS students were safe.

21.     Defendant Martin was directly responsible for hiring, training, retaining and supervising teachers at AHS including Defendant Boyd. She was responsible for protecting, supervising, disciplining, suspending, and expelling students at AHS including Plaintiff J.I. and the assailant C.C. At all times relevant hereto, Defendant Martin acted under color of state authority.

22.     Defendant Angela Boyd was the Assistant Principal at AHS. She was directly responsible for protecting, supervising, disciplining, suspending, and expelling students at AHS including Plaintiff J.I. and assailant C.C. At all times relevant hereto, Defendant Boyd acted under color of state authority.

23.     The Defendants were *in loco parentis* of Plaintiff J.I. and assailant C.C. while J.I. and C.C. were attending AHS, as Defendants assumed the obligations of a parent under the applicable, limited circumstances.

24. The Defendants' failure to properly supervise or monitor C.C. in light of his harassing and sexually aggressive behavior violated the Board's own policies and procedures regarding protection of students from harassment and sexual assault.

25.     On October 7, 2016, J.I. was a 17-year-old student at AHS when she was sexually assaulted by fellow student C.C.

26.     That day, J.I. had attended an AHS event called Chee Fest, which is a generally assembly in which the entire student body, ninth through twelfth grade, attends, when she agreed to meet C.C. to hang out. C.C. had requested that J.I. meet him behind the baseball field which J.I. reluctantly agreed to do. Once behind the baseball field, C.C. grabbed J.I. by the buttocks and began to kiss her. C.C. then pulled J.I. pants down, as well as his pants and began to have intercourse with J.I. against her repeated demands to stop. The encounter ended shortly after being spotted by school officials. At which point C.C. continued to proclaim "nothing was going on."

27.     Following the discovery of the sexual assault, Defendant Martin contacted the Barrow County Police Department and filed an incident report.

28.     After conducting an internal investigation and nearly over a month after J.I.'s sexual assault, on November 15, 2016, Defendants sent J.I. a Notice of Filing wherein Defendants advised that they would be removing C.C. from AHS and allowing him to complete his coursework outside of AHS to achieve his diploma.

29.     Pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C.

§§ 1681 et seq, all public schools receiving federal funding have an obligation to protect their student's right to an equal education free and clear of gender-based sexual violence or sexual harassment while said students are in class, in the facility, attending a field trip, attending school functions and extracurricular activities and while on the bus. The Defendants and other school officials failed to provide said protections to J.I.

30.    The U.S. Department of Education's Office for Civil Rights has recognized the need for adequate training and responses to sexual harassment in schools and has issued guidance for public school districts in 1997, 2001, 2011, and 2014 on this issue. These guidance documents explain in detail how school officials should investigate reports of harassment and assault, including when to report an incident to the Title IX coordinator, how to handle requests for confidentiality, issues that arise when the harassed student has a disability, and appropriate remedies for student-on-student harassment. The Defendants and other school officials failed to follow the most basic requirements outlined in these guidance documents.

31.    At all times relevant, J.I. was a student with special needs and required specialized supervision while attending AHS.

32.    Prior to the occurrence of the sexual assault, J.I. suffered from Borderline Intellectual Functioning, Attention Deficit Hyperactivity Disorder

("ADHD") and Cognitive Deficits.

33.    J.I.'s injuries and emotional distress have been directly caused by a systematic failure of the administrators at Apalachee High School, the Barrow County Board of Education and Barrow County School System to properly supervise and discipline a student who posed a real and immediate danger to his fellow students.

34.    Furthermore, as a direct and proximate cause of assailant C.C.'s sexual assault, J.I.'s previous mental capabilities have been exacerbated and she has suffered from, and continues to suffer from severe emotional distress, depression, post traumatic stress disorder, ADHD which have mentally incapacitated J.I. and eliminated J.I.'s ability to manage the ordinary affairs of her life. (*See* **Exhibit "B".)**

35.    Plaintiff expressly reserves the right to amend the allegations contained herein and to add additional defendants as needed, and hereby places Defendants on notice of such.

CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF
### Violation of Title IX, 20 U.S.C. § 1681(a) – Sexual Harassment
### (Defendant Barrow County Board of Education and Defendant
### Barrow County School System)

36.     J.I. incorporates all preceding paragraphs into this Count by reference as though fully restated herein.

37.     Title IX of the Education Amendments of 1972 provides, with certain exceptions, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

38. The Board and School System receives federal financial assistance pursuant to Title IX.

39.     Upon information and belief, the Board, the School System, Superintendent McMichael, Principal Martin, and Assistant Principal Boyd had actual notice of C.C.'s previous sexually inappropriate behavior and McMichael, Martin, and Boyd had the authority to take steps to prevent C.C. from harassing J.I. or other students prior to October 7, 2016.

40.     After October 7, 2016, appropriate persons with the authority to take

corrective action on behalf of Defendants had notice of C.C.'s assault of J.I.

41.    In spite of its knowledge of C.C.'s prior conduct, its control over the perpetrator, the assault, and how it was affecting J.I., the Board and its officials failed to monitor or supervise C.C. or otherwise prevent him from harassing other students. In spite of its knowledge of C.C.'s assault of J.I., the Board, School System, and its officials failed to provide appropriate accommodations to J.I. following the assault and took no effective steps to address or stop the sexual harassment or to facilitate J.I.'s continued equal access to educational opportunities and benefits.

42.    Furthermore, The Board, School System, and its officials failed to protect J.I. and any other student from further potential harassment by failing to remove C.C. until over a month after the sexual assault.

43.    The Board, School System, and its officials were thus deliberately indifferent to reports of sexual harassment and sexually inappropriate behavior by C.C. The response was clearly unreasonable in light of the known circumstances.

44.    As a result of the Board and School System's deliberate indifference to sexual harassment, J.I. was excluded from participating in, denied the benefits of, and subjected to discrimination in, the School District's education program on

the basis of her sex, in violation of Title IX.

45.     As a direct and proximate result of the Board and School System's

deliberate indifference, J.I. has suffered injuries, including severe emotional

distress and mental incapacity, for which she is entitled to be compensated.

**SECOND CLAIM FOR RELIEF**
**Violation of the Right to Equal Protection, Brought Under 42 U.S.C. § 1983 -**
**Hostile Environment**
**(Defendants Barrow County Board of Education, Barrow County School System,**
**McMichael, Principal Martin, and Assistant Principal Boyd)**

46.     J.I. incorporates all preceding paragraphs into this Count by

reference as though fully restated herein.

47.     Defendants the Board, the School System, Superintendent

McMichael, Principal Martin, and Assistant Principal Boyd were at all relevant

times final policymakers and administrators acting under color of law.

48.     Defendants the Board, the School System, Superintendent

McMichael, Principal Martin, and Assistant Principal Boyd maintain a policy,

custom, and practice of (i) investigating every sexual incident, including sexual

assault, as if it is consensual sexual activity, and (ii) initiating disciplinary action

against the victim and assailant.

49.     Consistent with its policy and custom, Defendants the Board, the

School System, Superintendent McMichael, Principal Martin, and Assistant

Principal Boyd, failed to immediately create a safe environment for both J.I. and other students when it failed to remove C.C. until the conclusion of their internal investigation. To the Contrary, J.I. had to remove herself from school in order to feel safe and protected. C.C. was not removed until 38 days post sexual assault.

50.    Defendants had actual knowledge that pursuant to their policies and customs, J.I. had been denied equal access to the School District's resources, accommodations and opportunities on the basis of her sex.

51.    For these reasons, Defendants' punitive response to reports of sexual harassment amounted to deliberate indifference.

52.    Defendants' deliberate indifference to reports of sexual harassment violated J.I.'s substantive due process rights under the Fourteenth Amendment, including equal access to her educational institution's resources, accommodations, and opportunities without discrimination on the basis of sex, freedom from sexual abuse in school, and right to bodily integrity.

53.    As a direct and proximate result of Defendants' actions, inactions, deliberate indifference, and violations of Plaintiff's clearly established Constitutional rights, J.I. sustained and continues to sustain injuries, including severe emotional distress and mental incapacity, for which she is entitled to be compensated.

### THIRD CLAIM FOR RELIEF
**Violation of the Right to Equal Protection, Brought Under 42 U.S.C. § 1983 - Failure to Train**
**(Defendants Barrow County Board of Education, Barrow County School System, Principal Martin, and Assistant Principal Boyd)**

54.     J.I. incorporates all preceding paragraphs into this Count by reference as though fully restated herein.

55.     Defendants the Board, the School System, Superintendent McMichael, Principal Martin, and Assistant Principal Boyd were at all times relevant policymakers and administrators, acting under color of law, who had a duty to train—and failed to train—administrators, teachers, staff, employees, students, and parents concerning the Board and Apalachee High  School policies on reporting and addressing sexual harassment of students like J.I.

56.     School district employees were insufficiently and inappropriately advised by Defendants the Board, the School System, Superintendent McMichael, Principal Martin, and Assistant Principal Boyd on Title IX and school policies regarding the investigation, response to reports of sexual assault and/or sexual harassment, and protection of students with disabilities, at both the School District and school levels. This failure is evidenced by the following:

      a.  Upon information and belief, the Board lacks adequate training materials and/or programs for employees on recognizing, preventing

and addressing sexual harassment promptly and equitably.

b. Defendants failed to refer J.I. to a Title IX coordinator, tell her of her right to seek accommodations under Title IX, or file an official complaint under the school's Title IX grievance procedures.

c. Defendants failed to make sure interim measures minimized the burden on J.I. during the investigation.

d. Defendants failed to provide accommodations, supervision and security for J.I. as a special needs student during her attendant to a school wide extracurricular function which could have prevented the risk of sexual assault.

57. Defendants failed to effectively end the harassment, prevent it from recurring, and remedy the effects of the harassment on J.I. The Board, The School System, Superintendent McMichael, Principal Martin, and Assistant Principal Boyd had actual knowledge of their legal obligations, pursuant to Title IX, and prior case law, as summarized in administrative guidance issued by the U.S. Department of Education, to appropriately train staff on how to respond to and address reports of sexual harassment and to avoid creating hostile environments within AHS. They also had actual knowledge that not training staff to appropriately respond to or address sexual harassment results in violation of

students' substantive due process rights under the Fourteenth Amendment, including, but not limited to, denying students equal access to the district's educational resources and opportunities on the basis of sex.

58.     Given the Board's, the School Systems', Superintendent McMichael's, Principal Martin's, and Assistant Principal Boyd's actual knowledge of the need to train school and district staff to appropriately respond to and address reports of sexual harassment to avoid violating students' constitutional rights, their failure to do so was unreasonable and amounted to deliberate indifference.

59.     Defendants' failure to adequately train its administrators and staff regarding how to appropriately respond to, protect from, and address claims of sexual harassment at AHS specifically and directly caused the School District to violate J.I.'s substantive due process rights under the Fourteenth Amendment, including equal access to her educational institution's resources, accommodations, and opportunities without discrimination on the basis of sex, freedom from sexual abuse in school, and right to bodily integrity.

60.     As a direct and proximate result of Defendants' actions and violations of Plaintiff's clearly established Constitutional rights, J.I. sustained and continues to sustain injuries, including severe emotional distress and mental incapacity, for

which she is entitled to be compensated.

## FOURTH CLAIM FOR RELIEF
### Violation of the Right to Equal Protection, Brought Under 42 U.S.C. § 1983 - Supervisory Liability
### (Defendant McMichael)

61.     J.I. incorporates all preceding paragraphs into this Count by

reference as though fully restated herein.

62.     Defendant Superintendent McMichael was at all relevant times an

employee of the Board and School System, acting under color of law, who had

supervisory duties and responsibilities with respect to his subordinates, including

Principal Martin and Assistant Principal Boyd.

63.     Defendant Superintendent McMichael had actual knowledge and/or

constructive knowledge, including knowledge he would have had if he used

reasonable care or diligence, that his subordinates engaged in conduct that posed a

pervasive and unreasonable risk of constitutional injury to J.I.

64.     Defendant Superintendent McMichael's failure to supervise his

subordinates and ensure that AHS was following Title IX guidelines for sexual

assaults violated J.I.'s, and other students', substantive due process rights under

the Fourteenth Amendment including equal access to her educational

institution's resources, accommodations, and opportunities without

discrimination on the basis of sex, freedom from sexual abuse in school, and right to bodily integrity.

65.     As a direct and proximate result of Defendants' actions, inactions, failure to supervise, policy, custom, practice, and violations of Plaintiff's clearly established Constitutional rights, J.I. sustained and continues to sustain injuries, including severe emotional distress and mental incapacity, for which she is entitled to be compensated.

**FIFTH CLAIM FOR RELIEF**
**Negligence**
**(Defendants Principal Martin and Assistant Principal Boyd)**

66.     J.I. incorporates all preceding paragraphs into this Count by reference as though fully restated herein.

67.     Standing *in loco parentis*, the Defendants owed a duty to all students at AHS, including J.I., to act in a reasonably prudent manner when executing their duties as employees of Apalachee High School to supervise and monitor students who pose a real and immediate danger to their fellow students and to protect all students from harassment, intimidation and sexual assault.

68.     The Defendants negligently breached their duties to J.I. by failing to supervise or monitor C.C. before the assault despite their knowledge of his habit and practice of harassing, intimidating, and sexually aggressive behavior.

69.     Defendants further negligently breached their duties to J.I. by failing to provide adequate supervision and supervise or monitor C.C. before the assault despite their knowledge of J.I.'s disabilities and accommodations.

70.     As a direct and proximate result of the Defendants' negligence, J.I. was sexually assaulted, which has caused her personal injury, severe emotional distress and mental incapacity.

## SIXTH CLAIM FOR RELIEF
### Recklessness/Wantonness
### (Defendants Principal Martin and Assistant Principal Boyd)

71.     J.I. incorporates all preceding paragraphs into this Count by reference as though fully restated herein.

72.     Standing *in loco parentis*, the Defendants owed a duty to all students at AHS, including J.I., to act in a reasonably prudent manner when executing their duties as employees of Apalachee High School to supervise and monitor students who pose a real and immediate danger to their fellow students and to protect all students from harassment, intimidation and sexual assault.

73.     The Defendants recklessly and/or wantonly breached their duties to J.I. by failing to supervise or monitor J. before the assault despite their knowledge of his habit and practice of harassing, intimidating, and sexually aggressive behavior.

74.     Defendants recklessly and/or wantonly breached their duties to J.I. by

failing to provide adequate security and supervision at the Chee Fest to protect J.I.,
and other students, from sexual assault despite their knowledge of J.I.'s disabilities
and accommodations.

75.     As a direct and proximate result of the Defendants' recklessness and/or
wantonness, J.I. was sexually assaulted, which has caused her personal injury,
severe emotional distress and mental incapacity.

### SEVENTH CLAIM FOR RELIEF
**Negligent/Reckless/Wanton Hiring, Training, Retention and Supervision**
**(Defendants Superintendent McMichael, Principal Martin,**
**Assistant Principal Boyd)**

76.     J.I. incorporates all preceding paragraphs into this Count by
reference as though fully restated herein.

77.     Standing *in loco parentis*, Defendants owed a duty to all students at
AHS, including J.I., to properly hire, train, retain, and supervise all teachers at
AHS.

78.     Defendants negligently, recklessly and/or wantonly breached their duty
to all students at AHS, including J.I., to properly hire, train, retain, and supervise
all teachers AHS and allowing J.I. to be in a position where she could be sexually
assaulted.

79.     As a direct and proximate result of Defendants' negligent, reckless,

and/or wanton breach of the duty they owed to J.I., J.I. was sexually assaulted,

which caused her personal injury, severe emotional distress and mental incapacity.

### EIGHTH CLAIM FOR RELIEF
**Negligent Supervision**
**(Defendants Keith B. Crowe and Tonya R. Crowe)**

80.    J.I. incorporates all preceding paragraphs into this Count by

reference as though fully restated herein.

81.    As the parents of C.C., the Defendants owed a duty to all students at

AHS, including J.I., to act in a reasonably prudent manner in supervising the acts

and behaviors of their son C.C. and monitor him from posing a real and immediate

danger to his fellow students peers at AHS.

82.   The Defendants negligently breached their duties to J.I. by failing to

supervise or monitor C.C. from engaging in a sexual assault despite their knowledge

of his habit and practice of harassing, intimidating, and sexually aggressive

behavior.

83.  As a direct and proximate result of the Defendants' negligence, J.I.

was sexually assaulted, which has caused her personal injury, severe emotional

distress and mental incapacity.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff J.I. requests this Court award her:

a.   Compensatory damages on Count IV (Section 1983: Failure to Train);

b.   Compensatory damages on Count V (Section 1983: Supervisory liability);

c.   Compensatory damages on Count VI (Negligence);

d.   Punitive damages on Count VII (Recklessness & Wantonness);

e.   Punitive damages on Count VIII (Reckless & Wanton Supervision);

f.   Declaratory judgment that the Defendant's treatment of J.I. violated Title IX, the U.S. Constitution and Georgia law;

g.   Injunctive relief ordering the Board to revise its policies, procedures, and practices so that it is in compliance with Title IX and the U.S. Constitution; and

h.   Award Plaintiff J.I. prejudgment and post-judgment interest at the highest rates allowed by law;

i.   Award Plaintiff J.I. costs, expert witness fees, and reasonable attorney's fees;

j.   Assume continuing and indefinite jurisdiction to ensure compliance with the terms of the Orders requested herein;

k.   Award Plaintiff J.I. such other and further relief, including equitable, that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.


I HEREBY CERTIFY that I prepared the foregoing in Times New Roman, 14-point font, as approved by LR 5.1.

Submitted this the 27th day March, 2020.


DANIEL R. MEACHUM & ASSOCIATES, LLC


*/s/ Daniel R. Meachum*
Daniel R. Meachum
Georgia Bar No. 500055
*Counsel for Plaintiff*


260 Peachtree Street, NW, Suite 502
Atlanta, GA 30303
Telephone: (404) 521-0029
Facsimile: (404) 521-0035
Email: dmeachum@dmeachumlaw.com