UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

GAIL ISAACS, in her individual )
Capacity and as mother of Jasmine )
Isaacs, and JASMINE ISAACS in )
her individual capacity, )
)
     Plaintiff, )
)
v. )     **CIVIL ACTION FILE**
)     **NUMBER: 2:20-cv-00087-SCJ**
Barrow County Board of )
Education; Barrow County )
School System; Dr. Chris )
MCMICHAEL in his official and )
individual capacity; Lynn )
STEVENS in her official and )
individual capacity; Rickey )
BAILEY in his official and )
individual capacity; Debi B. )
KRAUSE in her official and )
individual capacity; Dr. Garey H. )
HUFF, Sr. in his official and )
individual capacity; Lisa )
MALOOF in her official and )
individual capacity; Beverly )
KELLEY in her official and )
individual capacity; Bill RITTER )
in his official and individual )
capacity; Jordan RAPER in his )
official and individual capacity; )
Stephanie GOBER BRAMLETT )
in her official and individual )
capacity; Jennifer MARTIN, and )
Angela BOYD, in her official and )
individual capacities; Keith )

| | |
|---|---|
| B. CROWE and Tonya R. | ) |
| CROWE in their individual | ) |
| Capacity and as the guardians of | ) |
| Clayton Crowe; and Clayton | ) |
| CROWE in his individual | ) |
| capacity. | ) |
|     Defendants. | ) |

## ANSWER OF KEITH B. CROWE, TONYA R. CROWE, AND CLAYTON CROWE TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES

COME now, Defendants Keith B. Crowe, Tonya R. Crowe, and Clayton Crowe (collectively referred to as "Defendants") and hereby provide this Court with their Answer to Plaintiffs' Amended Complaint for Damages ("Amended Complaint"), showing this Court as follows:

Plaintiff has filed an Amended Complaint, pursuant to Plaintiff's Counsel's statements as noted in the Joint Preliminary Report and Discovery Plan [Doc. 24]. Upon coming into this case, undersigned counsel for Defendants received an extension to provide an Answer to Plaintiff's Complaint because Plaintiff intended to file an Amended Complaint which would replace the previous first filed Complaint. [Doc. 23]. Wherefore, Defendants respond to the Amended Complaint as follows:

### FIRST DEFENSE

The Amended Complaint should be stricken as to certain facets of it, as more fully set forth in Defendants' Motion to Strike.

## SECOND DEFENSE

The Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs failed to acquire leave of court to add the new purported plaintiff, GAIL ISAACS, in her individual capacity and as mother of Jasmine Isaacs, and she does not have standing to bring the claims alleged against Defendants in the Amended Complaint, nor is she the real party in interest.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations against Defendants.

## FIFTH DEFENSE

Plaintiffs' claims are barred against Keith B. Crowe as Keith B. Crowe is not the real party in interest. Plaintiffs failed to designate the correct legal name for Clayton Crowe's father, which is Brian Keith Crowe.

## SIXTH DEFENSE

Plaintiff Jasmine Isaac's claims are barred against Defendants, pursuant to Fed. R. Civ. P. 9(a), in that insofar as Plaintiff Jasmine Isaacs is operating under a present mental and physical incapacity, as alleged in Plaintiffs' Amended

Complaint and the alleged supporting documentation contained in Exhibit B, she does not have the capacity to sue. Defendants reserve the right to supplement this defense as further facts are discovered through the discovery process in this case.

## Introduction

### 1.

Defendants admit that Plaintiff Jasmine Isaacs was a third-year student at Apalachee High School ("AHS") and that Plaintiffs' allegations are based on an event occurring at AHS on October 7, 2016. All further allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint are denied.

### 2.

To the extent Plaintiff alleges that Defendant Clayton Crowe sexually assaulted or assaulted Plaintiff Jasmine Isaacs, Defendants deny those allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

### 3.

Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4.

Defendants are without knowledge or information sufficient to form a belief as to teachers and administrators at AHS knew or should have known with regards to Clayton Crowe and, therefore, deny those allegations. All further allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint are denied.

5.

Defendants admit that Plaintiff Jasmine Isaacs had an Individualized Education Program. All remaining allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint are denied.

6.

To the extent Plaintiffs allege that Defendant Clayton Crowe assaulted, sexually assaulted, or sexually harassed Plaintiff Jasmine Isaacs and other students around him, those allegations are denied. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

7.

To the extent Plaintiffs allege Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations. To the

extent Plaintiffs allege Defendants Keith B. Crowe and Tonya R. Crowe owed a duty to protect other students at AHS, Defendants deny those allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

8.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

9.

Defendants admit that Plaintiff Jasmine Isaacs was enrolled as a minor at the beginning of the 2016-17 school year. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

10.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

11.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

12.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

13.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

14.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

15.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Amended

Complaint and, therefore, deny those allegations.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

18.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

19.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

20.

Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

21.

Defendants admit Angela Boyd was the assistant principal at AHS during the 2016-2017 school year. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

22.

To the extent Plaintiffs allege Defendant Clayton Crowe is an "assailant," Defendants expressly deny. Defendants further deny being a resident of "Wynter Snow Run, Bethlehem, Georgia." Defendants further deny that Keith B. Crowe is the correct legal name for Defendant Clayton Crow's father. All further allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint are admitted.

23.

To the extent Plaintiffs allege Clayton Crowe assaulted Plaintiff Jasmine Isaacs while both attended AHS, Defendants deny. Furthermore, Defendant Clayton Crowe may be served through undersigned counsel. All further allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint are

admitted.

24.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

25.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

26.

Admitted.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint.

**Jurisdiction and Venue**

28.

Defendants admit that jurisdiction is proper in this Court and that Plaintiffs' claim includes alleged violations of Georgia State law by Defendants.  All further allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint are

denied.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiffs'

Amended Complaint.

30.

Defendants deny that Barrow County, Georgia is situated within the district

and divisional boundaries of the Northern District of Georgia, Newnan Division.

All further allegations contained in Paragraph 30 of Plaintiffs' Amended

Complaint are admitted.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiffs'

Amended Complaint.

**Facts**

32.

Paragraph 32 of Plaintiffs' Amended Complaint does not require a response.

33.

Defendants admit that Jasmine Isaacs was a student at AHS in Barrow

County, Georgia and that she had an Individualized Educational Program (IEP).

All further allegations contained in Paragraph 33 of Plaintiffs' Amended

Complaint are denied.

34.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

35.

Defendants admit that Jennifer Martin was the Principal at AHS during the 2016-2017 school year. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

36.

To the extent Plaintiffs allege that Defendant Clayton Crowe is an assailant, Defendants expressly deny those allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

37.

To the extent Plaintiffs allege that Defendant Clayton Crowe is an assailant,

Defendants expressly deny those allegations.  Defendants admit that Angela Boyd was the Assistant Principal at AHS.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

38.

To the extent Plaintiffs allege that Defendant Clayton Crowe is an assailant, Defendants expressly deny those allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

39.

Defendants admit that an event occurred involving Plaintiff Jasmine Isaacs and Defendant Clayton Crowe on October 7, 2016.  All remaining allegations contained in Plaintiffs' Amended Complaint are expressly denied.

40.

To the extent Plaintiff alleges that Defendant Clayton Crowe instigated a meeting between himself and Plaintiff, Defendants expressly deny that allegation as Plaintiff Jasmine Isaacs had requested to hang out days prior to October 7, 2016.

All remaining allegations in Paragraph 40 of Plaintiffs' Amended Complaint are admitted.

41.

Defendants admit that Defendant Clayton Crowe had requested that Plaintiff Jasmine Isaacs meet him behind the baseball field; provided, however, Defendants deny that Plaintiff Jasmine Isaacs "reluctantly" agreed to meet him as Plaintiff Jasmine Isaacs had tried to meet Defendant Clayton Crowe days prior to hang out.

42.

Defendants admit that Defendant Clayton Crowe and Plaintiff Jasmine Isaacs kissed.  Defendants deny the remaining allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint.

45.

Defendants admit that Plaintiff Jasmine Isaacs and Defendant Clayton

Crowe were spotted by school officials. Defendants deny the remaining allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint.

47.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

48.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

49.

To the extent Plaintiffs allege that Defendant Clayton Crowe had a previous history of propositioning, assaulting, sodomizing, and/or molesting females in the past, Defendants expressly deny those allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint

and, therefore, deny those allegations.

50.

Defendants deny the allegations contained in Paragraph 50 of Plaintiffs'
Amended Complaint.

51.

Defendants deny the allegations contained in Paragraph 51 of Plaintiffs'
Amended Complaint.

52.

To the extent Plaintiffs allege that Defendant Clayton Crowe sexually
assaulted or harassed Plaintiff Jasmine Isaacs, those allegations are expressly
denied by Defendants.  Defendants are without knowledge or information
sufficient to form a belief as to the truth of the remaining allegations contained in
Paragraph 52 of Plaintiffs' Amended Complaint and, therefore, deny those
allegations.

53.

To the extent Plaintiffs allege that Defendant Clayton Crowe assaulted
Plaintiff Jasmine Isaacs and other students "around him," which in and of itself is
vague and unclear, Defendants expressly deny those allegations.  Defendants are
without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

54.

To the extent Plaintiffs allege that Defendant Clayton Crowe has harassing and sexually aggressive behavior or committed harassment or directed sexually aggressive behavior towards Plaintiff Jasmine Isaacs or others students/females around him, Defendants expressly deny those allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

55.

To the extent Plaintiffs allege that Defendant Clayton Crowe acted in a sexually violent manner or sexually harassed Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

56.

Defendants deny that Plaintiff Jasmine Isaacs was a student with special

needs and required specialized supervision while attending AHS. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

57.

To the extent Plaintiffs allege that Plaintiff jasmine Isaacs was sexually assaulted and battered by Defendant Clayton Crowe, Defendants expressly deny those allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint and, therefore, deny those allegations.

58.

Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint.

59.

Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint.

60.

Paragraph 60 of Plaintiffs' Amended Complaint does not require a response; provided, however, Defendants deny that Plaintiffs reserve the right to amend the

allegations contained herein and to add additional defendants as needed, pursuant to this Court's Local Rules and the Federal Rules of Civil Procedure.

## Causes of Action

## First Claim for Relief

### 61.

Paragraph 61 of Plaintiffs' Amended Complaint does not require Defendants' response.

### 62.

Paragraph 62 of Plaintiffs' Amended Complaint does not require Defendants' response.

### 63.

Paragraph 63 of Plaintiffs' Amended Complaint does not require Defendants' response.

### 64.

To the extent Plaintiffs' allege that Defendant Clayton Crowe had engaged in previous sexually inappropriate behavior through 2012 and 2014 and that he harassed Plaintiff Jasmine Isaacs or other students, Defendants expressly deny those allegations.  The remaining allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint do not require Defendants' response.

65.

To the extent Plaintiffs' allege that Defendant Clayton Crowe had previously propositioned, assaulted, sodomized and/or molested Plaintiff Jasmine Isaacs or other females in the past, Defendants expressly deny those allegations. The remaining allegations contained in Paragraph 65 of Plaintiffs' Amended Complaint do not require Defendants' response.

66.

To the extent Plaintiffs' allege that Defendant Clayton Crowe engaged in inappropriate sexual behavior towards Plaintiff Jasmine Isaacs or engaged in inappropriate sexual behavior towards other students, Defendants expressly deny those allegations. The remaining allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint do not require Defendants' response.

67.

Paragraph 67 does not require Defendants' response; provided however, to the extent Plaintiffs allege that Defendant Clayton Crowe previously sexually assaulted females from November 2012 through November 2012, Defendants expressly deny those allegations.

68.

Paragraph 68 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe assaulted Plaintiff

Jasmine Isaacs, Defendants expressly deny those allegations.

69.

Paragraph 69 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe engaged in inappropriate

prior conduct, committed an assault, is a "perpetrator," and harassed other students,

Defendants expressly deny those allegations.

70.

Paragraph 70 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe committed an assault or

engaged in sexual harassment towards Plaintiff Jasmine Isaacs or other students,

Defendants expressly deny those allegations.

71.

Paragraph 71 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe committed a sexual

assault against Jasmine Isaacs and/or harassed other students or that he attended

classes at AHS after October 7, 2016, Defendants expressly deny those allegations.

72.

Paragraph 72 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe engaged in sexually inappropriate behavior or sexually harassed Plaintiff Jasmine Isaacs or other students, Defendants expressly deny those allegations.

73.

Paragraph 73 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe committed sexual harassment, Defendants expressly deny those allegations.

74.

Paragraph 74 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe caused Plaintiff Jasmine Isaac's alleged injuries, those allegations are expressly denied.

75.

Paragraph 75 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe committed a sexual assault of Plaintiff Jasmine Isaacs, those allegations are expressly denied.

**Second Claim for Relief**

76.

Paragraph 76 does not require Defendants' response.

77.

Paragraph 77 does not require Defendants' response.

78.

Paragraph 78 does not require Defendants' response.

79.

Paragraph 79 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe created an unsafe environment at AHS for Plaintiff Jasmine Isaacs and other students or attended classes at AHS after October 7, 2016, Defendants expressly deny those allegations.

80.

Paragraph 80 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe created an unsafe environment at AHS for Plaintiff Jasmine Isaacs, committed a sexual assault against Plaintiff Jasmine Isaacs, and/or attended classes at AHS after October 7, 2016,  Defendants expressly deny those allegations.

81.

Paragraph 81 does not require Defendants' response.

82.

Paragraph 82 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe engaged in sexual harassment directed towards Plaintiff Jasmine Isaacs or other students, Defendants expressly deny those allegations.

83.

Paragraph 83 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe engaged in sexual harassment towards Plaintiff Jasmine Isaacs or other students, directed sexual abuse towards Plaintiff Jasmine Isaacs or other students, and violated Plaintiff Jasmine Isaacs or other students' right to bodily integrity, Defendants expressly deny those allegations.

84.

Paragraph 84 does not require Defendants' response; provided, however, to the extent Plaintiffs allege Defendants caused any alleged injuries to Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

85.

Paragraph 85 does not require Defendants' response; provided, however, to the extent Plaintiffs allege Defendant Clayton Crowe committed a sexual assault towards Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

**Third Claim for Relief**

86.

Paragraph 86 does not require Defendants' response.

87.

Paragraph 87 does not require Defendants' response; provided, however, to the extent Plaintiffs allege Defendant Clayton Crowe sexually harassed Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

88.

Paragraph 88 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe committed a sexual assault and/or directed sexual harassment towards Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

89.

Paragraph 89 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe harassed Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

90.

Paragraph 90 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe sexually harassed and/or

sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

91.

Paragraph 91 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe sexually harassed and/or sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

92.

Paragraph 92 does not require Defendants' response.

93.

Paragraph 93 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

**Fourth Claim for Relief**

94.

Paragraph 94 does not require Defendants' response.

95.

Paragraph 95 does not require Defendants' response.

96.

Paragraph 96 does not require Defendants' response.

97.

Paragraph 97 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted, sexually abused, or violated the bodily integrity of Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

98.

Paragraph 98 does not require Defendants' response.

99.

Paragraph 99 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

**Fifth Claim for Relief**

100.

Paragraph 100 does not require Defendants' response.

101.

Paragraph 101 does not require Defendants' response.

102.

Paragraph 102 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe committed a sexual assault of Plaintiff Jasmine Isaacs or maintained a habit and practice of harassment, intimidation, or sexually aggressive behavior, Defendants expressly deny those allegations.

103.

Paragraph 103 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe committed a sexual assault of Plaintiff Jasmine Isaacs or engaged in previous sexually inappropriate behavior or sexual assaults of others, including Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

104.

Paragraph 104 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe committed a sexual assault of Plaintiff Jasmine Isaacs or engaged in previous sexually inappropriate behavior or sexual assaults of others, including Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

105.

Paragraph 105 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

106.

Paragraph 106 does not require Defendants' response; provided, however, to the extent Plaintiff alleges that Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

107.

Paragraph 107 does not require Defendants' response; provided, however, to the extent Plaintiff alleges that Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

**Sixth Claim for Relief**

108.

Paragraph 108 does not require Defendants' response.

109.

Paragraph 109 does not require Defendants' response.

110.

Paragraph 110 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe assaulted Plaintiff

Jasmine Isaacs, had a habit and practice of harassment, intimidation, or sexually

inappropriate behavior, Defendants expressly deny those allegations.

111.

Paragraph 111 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted

Plaintiff Jasmine Isaacs, committed prior sexual assaults upon others, including

Plaintiff Jasmine Isaacs, or had a history of engaging in sexually inappropriate

behavior, Defendants expressly deny those allegations.

112.

Paragraph 112 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe committed a sexual

assault against Plaintiff Jasmine Isaacs or had a history of engaging in sexually

inappropriate behavior and committing sexual assaults, Defendants expressly deny

those allegations.

113.

Paragraph 113 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe assaulted Plaintiff

Jasmine Isaacs, Defendants expressly deny those allegations.

114.

Paragraph 114 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

115.

Paragraph 115 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

**Seventh Claim for Relief**

116.

Paragraph 116 does not require Defendants' response.

117.

Paragraph 117 does not require Defendants' response.

118.

Paragraph 118 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Plaintiff Jasmine Isaacs was sexually assaulted by Defendant Clayton Crowe, Defendants expressly deny those allegations.

119.

Paragraph 119 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted

Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

120.

Paragraph 120 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted

Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

**Eighth Claim for Relief**

121.

Paragraph 121 does not require Defendants' response.

122.

Defendants Keith B. Crowe, despite his name being incorrectly designated

in this action, and Tonya R. Crowe admit they are the parents of Defendant

Clayton Crowe.  All further allegations contained in Paragraph 122 of Plaintiffs'

Amended Complaint are denied.

123.

The allegations contained in Paragraph 123 of Plaintiffs' Amended

Complaint are denied.

124.

The allegations contained in Paragraph 124 of Plaintiffs' Amended

Complaint are denied.

125.

The allegations contained in Paragraph 125 of Plaintiffs' Amended Complaint are denied.

126.

The allegations contained in Paragraph 126 of Plaintiffs' Amended Complaint are denied.

127.

The allegations contained in Paragraph 127 of Plaintiffs' Amended Complaint are denied.

**Ninth Claim for Relief**

128.

Paragraph 128 does not require a response from Defendants.

129.

Defendants Keith B. Crowe, despite his name being incorrectly designated in this action, and Tonya R. Crowe admit they are the parents of Defendant Clayton Crowe. The remaining allegations contained in Paragraph 129 of Plaintiff's Amended Complaint are denied.

130.

The allegations contained in Paragraph 130 of Plaintiffs' Amended Complaint are denied.

131.

The allegations contained in Paragraph 131 of Plaintiffs' Amended Complaint are denied.

132.

The allegations contained in Paragraph 132 of Plaintiffs' Amended Complaint are denied.

133.

The allegations contained in Paragraph 133 of Plaintiffs' Amended Complaint are denied.

**Tenth Claim for Relief**

134.

Paragraph 134 does not require a response.

135.

Defendants admit that Defendant Clayton Crowe kissed Plaintiff Jasmine Isaacs.  The remaining allegations contained in Paragraph 135 of Plaintiffs' Amended Complaint are denied.

136.

The allegations contained in Paragraph 136 of Plaintiffs' Amended Complaint are denied.

137.

The allegations contained in Paragraph 137 of Plaintiffs' Amended Complaint are denied.

138.

The allegations contained in Paragraph 138 of Plaintiffs' Amended Complaint are denied.

**Eleventh Claim for Relief**

139.

Paragraph 139 does not require a response.

140.

The allegations contained in Paragraph 140 of Plaintiffs' Amended Complaint are denied.

141.

The allegations contained in Paragraph 141 of Plaintiffs' Amended Complaint are denied.

142.

The allegations contained in Paragraph 142 of Plaintiffs' Amended Complaint are denied.

**Twelfth Claim for Relief**

143.

Paragraph 143 does not require a response.

144.

The allegations contained in Paragraph 144 of Plaintiffs' Amended Complaint are denied.

145.

The allegations contained in Paragraph 145 of Plaintiffs' Amended Complaint are denied.

146.

The allegations contained in Paragraph 146 of Plaintiffs' Amended Complaint are denied.

147.

The allegations contained in Paragraph 147 of Plaintiffs' Amended Complaint are denied.

148.

The allegations contained in Paragraph 148 of Plaintiffs' Amended Complaint are denied.

149.

The allegations contained in Paragraph 149 of Plaintiffs' Amended Complaint are denied.

**Thirteenth Claim for Relief**

150.

Paragraph 150 does not require a response.

151.

Paragraph 151 does not require Defendants' response; provided, however, to the extent Plaintiffs allege Defendant Clayton Crowe poses a real and immediate danger to AHS' students, Defendants expressly deny those allegations.

152.

Paragraph 152 does not require Defendants' response; provided, however, to the extent Plaintiffs allege Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs or had a habit and practice of harassment, intimidation, and/or sexually aggressive behavior, Defendants expressly deny those allegations.

153.

Paragraph 153 does not require Defendants' response; provided, however, to the extent Plaintiffs allege Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs or committed prior sexual assaults or engaged in prior sexually inappropriate behavior, Defendants expressly deny those allegations.

154.

Paragraph 154 does not require Defendants' response; provided, however, to the extent Plaintiffs allege Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs or committed prior sexual assaults or engaged in prior sexually inappropriate behavior, Defendants expressly deny those allegations.

155.

Paragraph 155 does not require Defendants' response; provided, however, to the extent Plaintiffs allege Defendant Clayton Crowe assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

156.

Paragraph 156 does not require Defendants' response; provided, however, to the extent Plaintiffs allege Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs or had a habit and practice of harassment, intimidation, and/or sexually inappropriate behavior, Defendants expressly deny those allegations.

157.

Paragraph 157 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe assaulted, sexually assaulted, molested, sodomized, solicited, and/or enticed Plaintiff Jasmine Isaacs or other persons or other minors to engage in sexual acts, Defendants expressly deny those allegations.

158.

Paragraph 158 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe had sexually aggressive behavior and a history thereof and/or a habit and practice of harassment, intimidation, and preying on those with disabilities and/or vulnerabilities for his own sexual gratification, Defendants expressly deny those allegations.

159.

Paragraph 159 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs, had knowledge of any alleged disability, or attended classes at AHS after October 7, 2016, Defendants expressly deny those allegations.

160.

Paragraph 160 does not require Defendants' response; provided, however, to

the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

161.

Paragraph 161 does not require Defendants' response; provided, however, to the extent Plaintiffs allege that Defendant Clayton Crowe sexually assaulted Plaintiff Jasmine Isaacs, Defendants expressly deny those allegations.

**General Denial**

Defendants reserve the right to assert additional defenses that they learn through the course of discovery. Any and all specific or individual allegations of the Amended Complaint that have not been particularly admitted, denied, or otherwise responded to above are hereby denied in total.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiffs' Amended Complaint, Defendants prays as follows:

(1)  Plaintiffs' Amended Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)  Defendants be dismissed as parties to this action;

(3)  Defendants have a trial by jury for all issues so triable; and

(4)  Defendants recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 28th day of September, 2020.

HULSEY, OLIVER & MAHAR, LLP

/s/ *Abbott S. Hayes, Jr.*
Abbott S. Hayes, Jr.
Georgia Bar No.: 399749
P.O. Box 1457
Gainesville, GA 30503
ash@homlaw.com
Attorneys for Keith B. Crowe, Tonya R. Crowe, and
Clayton Crowe


/s/ *T. Burns Marlow*
T. Burns Marlow
Georgia Bar No.: 439195
P.O. Box 1457
Gainesville, GA 30503
Tbm@homlaw.com
Attorneys for Keith B. Crowe, Tonya R. Crowe, and
Clayton Crowe

TBM/ASH/KLO: 16890/14488/W242174

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

GAIL ISAACS, in her individual      )
Capacity and as mother of Jasmine )
Isaacs, and JASMINE ISAACS in       )
her individual capacity,            )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )       CIVIL ACTION FILE
                                    )       NUMBER: 2:20-cv-00087-SCJ
Barrow County Board of              )
Education; Barrow County            )
School System; Dr. Chris            )
MCMICHAEL in his official and       )
individual capacity; Lynn           )
STEVENS in her official and         )
individual capacity; Rickey         )
BAILEY in his official and          )
individual capacity; Debi B.        )
KRAUSE in her official and          )
individual capacity; Dr. Garey H.   )
HUFF, Sr. in his official and       )
individual capacity; Lisa           )
MALOOF in her official and          )
individual capacity; Beverly        )
KELLEY in her official and          )
individual capacity; Bill RITTER    )
in his official and individual      )
capacity; Jordan RAPER in his       )
official and individual capacity;   )
Stephanie GOBER BRAMLETT            )
in her official and individual      )
capacity; Jennifer MARTIN, and      )
Angela BOYD, in her official and    )
individual capacities; Keith        )

B. CROWE and Tonya R.      )
CROWE in their individual     )
Capacity and as the guardians of  )
Clayton Crowe; and Clayton   )
CROWE in his individual      )
capacity.                         )
      Defendants.             )

## CERTIFICATE OF FONT TYPE AND SIZE

The undersigned counsel hereby certify that the foregoing has been prepared

with Times New Roman 14-Point Font, as approved in LR 5.1C.

HULSEY, OLIVER & MAHAR, LLP

/s/ *T. Burns Marlow*
T. Burns Marlow
Georgia Bar No.: 439195
P.O. Box 1457
Gainesville, GA 30503
Tbm@homlaw.com
Attorneys for Keith B. Crowe, Tonya R. Crowe, and
Clayton Crowe

/s/ *Abbott S. Hayes, Jr.*
Abbott S. Hayes, Jr.
Georgia Bar No.: 399749
P.O. Box 1457
Gainesville, GA 30503
ash@homlaw.com
Attorneys for Keith B. Crowe, Tonya R. Crowe, and
Clayton Crowe

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

GAIL ISAACS, in her individual            )
Capacity and as mother of Jasmine )
Isaacs, and JASMINE ISAACS in      )
her individual capacity,                         )
                                                               )
      Plaintiff,                                     )
                                                               )
v.                                                             )          **CIVIL ACTION FILE**
                                                               )          **NUMBER: 2:20-cv-00087-SCJ**
Barrow County Board of                     )
Education; Barrow County               )
School System; Dr. Chris                  )
MCMICHAEL in his official and     )
individual capacity; Lynn               )
STEVENS in her official and          )
individual capacity; Rickey            )
BAILEY in his official and             )
individual capacity; Debi B.           )
KRAUSE in her official and            )
individual capacity; Dr. Garey H.  )
HUFF, Sr. in his official and          )
individual capacity; Lisa               )
MALOOF in her official and          )
individual capacity; Beverly          )
KELLEY in her official and           )
individual capacity; Bill RITTER  )
in his official and individual         )
capacity; Jordan RAPER in his       )
official and individual capacity;     )
Stephanie GOBER BRAMLETT       )
in her official and individual         )
capacity; Jennifer MARTIN, and    )
Angela BOYD, in her official and  )
individual capacities; Keith            )

| | |
|---|---|
| **B. CROWE and Tonya R.** | ) |
| **CROWE in their individual** | ) |
| **Capacity and as the guardians of** | ) |
| **Clayton Crowe; and Clayton** | ) |
| **CROWE in his individual** | ) |
| **capacity.** | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed **Answer of Keith B.**

**Crowe, Tonya R. Crowe, and Clayton Crowe to Plaintiffs' Amended**

**Complaint for Damages** with the Clerk of Court using the CM/ECF system which

will automatically send e-mail notifications of such filing to the following

attorneys of record:

**Daniel R. Meachum**
Daniel R. Meachum & Associates, L.L.C.
260 Peachtree Street NW, Suite 502
Atlanta, GA 30303
dmeachum@dmeachumlaw.com

**Daniel Robert Murphy**
Lewis & Murphy, LLP
149 W. Athens Street
Winder, GA 30680
Danmurphy_1@msn.com

**Michael C. Pruett**
Hall Booth Smith, P.C. – Ath
440 College Avenue North, Suite 120
Athens, GA 30601

Mpruett@hallboothsmith.com

This 28th day of September, 2020.

HULSEY, OLIVER & MAHAR, LLP

/s/ *T. Burns Marlow*
T. Burns Marlow
Georgia Bar No.: 439195
P.O. Box 1457
Gainesville, GA 30503
Tbm@homlaw.com
Attorneys for Keith B. Crowe, Tonya R. Crowe, and
Clayton Crowe

/s/ *Abbott S. Hayes, Jr.*
Abbott S. Hayes, Jr.
Georgia Bar No.: 399749
P.O. Box 1457
Gainesville, GA 30503
ash@homlaw.com
Attorneys for Keith B. Crowe, Tonya R. Crowe, and
Clayton Crowe